NEEL CHATTERJEE, (SBN 173985)
*NChatterjee@goodwinlaw.com*
ALEXIS COLL-VERY, (SBN 212735)
*ACollVery@goodwinlaw.com*
**GOODWIN PROCTER LLP**
601 Marshall Street
Redwood City, California 94063
Tel.: +1 650 752 3100
Fax: +1 650 853 1038

HONG-AN VU, (SBN 266268)
*HVu@goodwinlaw.com*
**GOODWIN PROCTER LLP**
601 S. Figueroa Street
Suite 4100
Los Angeles, California 90017
Tel.: +1 213 426 2500
Fax.: +1 213 623 1673

Attorneys for Defendant
COMMUNITY.COM, INC. and MATTHEW
PELTIER

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| CHARLES BUFFIN, an individual; MAXWELL LEVINE, an individual; STEVEN LEVINE, an individual, <br><br> Plaintiffs, <br><br> v. <br><br> COMMUNITY.COM, INC., a Delaware corporation; MATTHEW PELTIER, an individual; and DOES 1 through 10, <br><br> Defendants. | Case No.: 2:20-CV-07552-SVW-JPR <br><br> **DEFENDANTS' ANSWER TO THE NINTH AND EIGHTEENTH CAUSES OF ACTION IN THE COMPLAINT** <br><br> Action Filed: August 20, 2020 |

## **DEFENDANTS' ANSWER TO THE COMPLAINT**

On January 21, 2021, the Court dismissed or stayed nearly all of Plaintiffs' Complaint. ECF No. 25. As of the date of the filing of this Answer, only the Ninth and Eighteenth Causes of Action of the Complaint survive and require a response. Accordingly, Defendants Community.com, Inc. ("Community") and Matthew Peltier hereby answer Ninth and Eighteenth Causes of Action in Plaintiffs' Complaint and state as follows:

1.     The allegations contained in Paragraph 1 are unrelated to the Ninth and Eighteenth Causes of Action.  As such, no response is required.

2.     Defendants deny the allegations contained in Paragraph 2.

3.     The allegations contained in Paragraph 3 are unrelated to the Ninth and Eighteenth Causes of Action.  As such, no response is required.

4.     The allegations contained in Paragraph 4 are unrelated to the Ninth and Eighteenth Causes of Action.  As such, no response is required.

5.     Defendants deny the allegations contained in Paragraph 5.

6.     The allegations contained in Paragraph 6 are unrelated to the Ninth and Eighteenth Causes of Action.  As such, no response is required.

7.     The allegations contained in Paragraph 7 are unrelated to the Ninth and Eighteenth Causes of Action.  As such, no response is required.

8.     The allegations contained in Paragraph 8 are unrelated to the Ninth and Eighteenth Causes of Action.  As such, no response is required.

9.     The allegations contained in Paragraph 9 are unrelated to the Ninth and Eighteenth Causes of Action.  As such, no response is required.

10.     The allegations contained in Paragraph 10 are unrelated to the Ninth and Eighteenth Causes of Action.  As such, no response is required.

11.     The allegations contained in Paragraph 11 are unrelated to the Ninth and Eighteenth Causes of Action.  As such, no response is required.

12. The allegations contained in Paragraph 12 are unrelated to the Ninth and Eighteenth Causes of Action.  As such, no response is required.

13. Defendants deny the allegations contained in Paragraph 13, except admit that Steve Levine is not a shareholder of the Community.com.

14. The allegations contained in Paragraph 14 are unrelated to the Ninth and Eighteenth Causes of Action.  As such, no response is required.

15. Defendants admit Paragraph 15.

16. Defendants admit Paragraph 16.

17. Defendants lack the knowledge or information necessary to form a belief as to the truth of Paragraph 17.

18. Defendants admit Paragraph 18.

19. Defendants admit Paragraph 19.

20. The allegations contained in Paragraph 20 are unrelated to the Ninth and Eighteenth Causes of Action.  As such, no response is required.

21. Paragraph 21 contains legal conclusions to which no response is required.

22. Paragraph 22 contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 22.

23. Paragraph 23 contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 23.

24. Paragraph 24 contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 24.

25. Defendants deny the allegations contained in Paragraph 25.

26. The allegations contained in Paragraph 26 are unrelated to the Ninth and Eighteenth Causes of Action.  As such, no response is required.

27.    The allegations contained in Paragraph 27 are unrelated to the Ninth and Eighteenth Causes of Action.  As such, no response is required.

28.    The allegations contained in Paragraph 28 are unrelated to the Ninth and Eighteenth Causes of Action.  As such, no response is required.

29.    The allegations contained in Paragraph 29 are unrelated to the Ninth and Eighteenth Causes of Action.  As such, no response is required.

30.    Defendants deny the allegations contained in Paragraph 30.

31.    The allegations contained in Paragraph 31 are unrelated to the Ninth and Eighteenth Causes of Action.  As such, no response is required.

32.    The allegations contained in Paragraph 32 are unrelated to the Ninth and Eighteenth Causes of Action.  As such, no response is required.

33.    The allegations contained in Paragraph 33 are unrelated to the Ninth and Eighteenth Causes of Action.  As such, no response is required.

34.    The allegations contained in Paragraph 34 are unrelated to the Ninth and Eighteenth Causes of Action.  As such, no response is required.

35.    The allegations contained in Paragraph 35 are unrelated to the Ninth and Eighteenth Causes of Action.  As such, no response is required.

36.    The allegations contained in Paragraph 36 are unrelated to the Ninth and Eighteenth Causes of Action.  As such, no response is required.

37.    The allegations contained in Paragraph 37 are unrelated to the Ninth and Eighteenth Causes of Action.  As such, no response is required.

38.    The allegations contained in Paragraph 38 are unrelated to the Ninth and Eighteenth Causes of Action.  As such, no response is required.

39.    The allegations contained in Paragraph 39 are unrelated to the Ninth and Eighteenth Causes of Action.  As such, no response is required.

40.    Defendants deny the allegations contained in Paragraph 40.

41.    Defendants deny the allegations contained in Paragraph 41.

42.    Defendants deny the allegations contained in Paragraph 42.

43.     Defendants deny the allegations contained in Paragraph 43.

44.     The allegations contained in Paragraph 44 are unrelated to the Ninth and Eighteenth Causes of Action.  As such, no response is required.

45.     The allegations contained in Paragraph 45 are unrelated to the Ninth and Eighteenth Causes of Action.  As such, no response is required.

46.     The allegations contained in Paragraph 46 are unrelated to the Ninth and Eighteenth Causes of Action.  As such, no response is required.

47.     The allegations contained in Paragraph 47 are unrelated to the Ninth and Eighteenth Causes of Action.  As such, no response is required.

48.     The allegations contained in Paragraph 48 are unrelated to the Ninth and Eighteenth Causes of Action.  As such, no response is required.

49.     The allegations contained in Paragraph 49 are unrelated to the Ninth and Eighteenth Causes of Action.  As such, no response is required.

50.     The allegations contained in Paragraph 50 are unrelated to the Ninth and Eighteenth Causes of Action.  As such, no response is required.

51.     The allegations contained in Paragraph 51 are unrelated to the Ninth and Eighteenth Causes of Action.  As such, no response is required.

52.     Defendants deny the allegations contained in Paragraph 52.

53.     Defendants deny the allegations contained in Paragraph 53.

54.     The allegations contained in Paragraph 54 are unrelated to the Ninth and Eighteenth Causes of Action.  As such, no response is required.

55.     The allegations contained in Paragraph 55 are unrelated to the Ninth and Eighteenth Causes of Action.  As such, no response is required.

56.     The allegations contained in Paragraph 56 are unrelated to the Ninth and Eighteenth Causes of Action.  As such, no response is required.

57.     The allegations contained in Paragraph 57 are unrelated to the Ninth and Eighteenth Causes of Action.  As such, no response is required.

58. The allegations contained in Paragraph 58 are unrelated to the Ninth and Eighteenth Causes of Action.  As such, no response is required.

59. The allegations contained in Paragraph 59 are unrelated to the Ninth and Eighteenth Causes of Action.  As such, no response is required.

60. The allegations contained in Paragraph 60 are unrelated to the Ninth and Eighteenth Causes of Action.  As such, no response is required.

61. The allegations contained in Paragraph 61 are unrelated to the Ninth and Eighteenth Causes of Action.  As such, no response is required.

62. The allegations contained in Paragraph 62 are unrelated to the Ninth and Eighteenth Causes of Action.  As such, no response is required.

63. The allegations contained in Paragraph 63 are unrelated to the Ninth and Eighteenth Causes of Action.  As such, no response is required.

64. The allegations contained in Paragraph 64 are unrelated to the Ninth and Eighteenth Causes of Action.  As such, no response is required.

65. The allegations contained in Paragraph 65 are unrelated to the Ninth and Eighteenth Causes of Action.  As such, no response is required.

66. The allegations contained in Paragraph 66 are unrelated to the Ninth and Eighteenth Causes of Action.  As such, no response is required.

67. The allegations contained in Paragraph 67 are unrelated to the Ninth and Eighteenth Causes of Action.  As such, no response is required.

68. The allegations contained in Paragraph 68 are unrelated to the Ninth and Eighteenth Causes of Action.  As such, no response is required.

69. The allegations contained in Paragraph 69 are unrelated to the Ninth and Eighteenth Causes of Action.  As such, no response is required.

70. The allegations contained in Paragraph 70 are unrelated to the Ninth and Eighteenth Causes of Action.  As such, no response is required.

71. The allegations contained in Paragraph 71 are unrelated to the Ninth and Eighteenth Causes of Action.  As such, no response is required.

72.     The allegations contained in Paragraph 72 are unrelated to the Ninth and Eighteenth Causes of Action.  As such, no response is required.

73.     The allegations contained in Paragraph 73 are unrelated to the Ninth and Eighteenth Causes of Action.  As such, no response is required.

74.     The allegations contained in Paragraph 74 are unrelated to the Ninth and Eighteenth Causes of Action.  As such, no response is required.

75.     The allegations contained in Paragraph 75 are unrelated to the Ninth and Eighteenth Causes of Action.  As such, no response is required.

76.     The allegations contained in Paragraph 76 are unrelated to the Ninth and Eighteenth Causes of Action.  As such, no response is required.

77.     The allegations contained in Paragraph 77 are unrelated to the Ninth and Eighteenth Causes of Action.  As such, no response is required.

78.     Defendants deny the allegations relating to Steve Levine contained in Paragraph 78.  The remaining allegations contained in Paragraph 78 are unrelated to the Ninth and Eighteenth Causes of Action.  As such, no response is required.

79.     The allegations contained in Paragraph 79 are unrelated to the Ninth and Eighteenth Causes of Action.  As such, no response is required.

80.     The allegations contained in Paragraph 80 are unrelated to the Ninth and Eighteenth Causes of Action.  As such, no response is required.

81.     The allegations contained in Paragraph 81 are unrelated to the Ninth and Eighteenth Causes of Action.  As such, no response is required.

82.     The allegations contained in Paragraph 82 are unrelated to the Ninth and Eighteenth Causes of Action.  As such, no response is required.

83.     The allegations contained in Paragraph 83 are unrelated to the Ninth and Eighteenth Causes of Action.  As such, no response is required.

84.     The allegations contained in Paragraph 84 are unrelated to the Ninth and Eighteenth Causes of Action.  As such, no response is required.

85.     Defendants deny the allegations contained in Paragraph 85.

86.    Defendants deny the allegations contained in Paragraph 86.

87.    Defendants deny the allegations contained in Paragraph 87.

88.    The allegations contained in Paragraph 88 are unrelated to the Ninth and Eighteenth Causes of Action.  As such, no response is required.

89.    The allegations contained in Paragraph 89 are unrelated to the Ninth and Eighteenth Causes of Action.  As such, no response is required.

90.    Defendants deny the allegations contained in Paragraph 90 to the extent it purports to relay a conversation between Peltier and S. Levine.  The rest of the allegations contained in Paragraph 90 relate to Buffin and Max Levine's claims, which have been dismissed or stayed. As such, no response is required.

91.    Defendants deny the allegations contained in Paragraph 91.

92.    The allegations contained in Paragraph 92 are unrelated to the Ninth and Eighteenth Causes of Action.  As such, no response is required.

93.    Defendants deny the allegations contained in Paragraph 93; Steve Levine is not and has never been a shareholder in Community.com.

## FIRST – EIGHTH CAUSES OF ACTION

94.-164    The allegations contained in Paragraph 94-164 relate to Buffin and Max Levine's claims one through eight, which have been dismissed or stayed. As such, no response is required.

## NINTH CAUSE OF ACTION

165.    In response to Paragraph 165, Defendants incorporate their answers to allegations contained in the foregoing and subsequent paragraphs.

166.    Defendants deny the allegations contained in Paragraph 166.

167.    Defendants deny the allegations contained in Paragraph 167.

168.    Defendants deny the allegations contained in Paragraph 168.

169.    Defendants deny the allegations contained in Paragraph 169.

170.    Defendants deny the allegations contained in Paragraph 170.

171.    Defendants deny the allegations contained in Paragraph 171.

172.   Defendants deny the allegations contained in Paragraph 172.

173.   Defendants deny the allegations contained in Paragraph 173.

174.   Defendants deny the allegations contained in Paragraph 174.

175.   Defendants deny the allegations contained in Paragraph 175.

176.   Defendants deny the allegations contained in Paragraph 176.

## TENTH – SEVENTEENTH CAUSES OF ACTION

177.-260      The allegations contained in Paragraph 177-260 relate to Steven Levine's claims ten through seventeen, which have been dismissed or stayed. As such, no response is required.

## EIGHTEENTH CAUSE OF ACTION

261.   In response to Paragraph 261, Defendants incorporate their answers to allegations contained in the foregoing and subsequent paragraphs.

262.   Defendants deny the allegations contained in Paragraph 262.

263.   Defendants deny the allegations contained in Paragraph 263.

## NINETEENTH CAUSES OF ACTION

264.-278.      The allegations contained in Paragraphs 264-278 relate to Steven Levine's claim nineteen, which has been stayed.  As such, no response is required.

## AFFIRMATIVE DEFENSES

Without admitting any of Plaintiff's allegations or assuming any burden of proof, persuasion or production not otherwise legally assigned to them as to any element of Plaintiff's claims, and reserving the right to amend this Answer to assert any additional defenses when, and if in the course of his investigation, discovery, preparation for trial, or otherwise it becomes appropriate to assert such defenses, Defendants assert the following additional affirmative and other defenses:

//

//

//

**FIRST AFFIRMATIVE DEFENSE**

**(Pleading Uncertain)**

Plaintiff's claim is barred, in whole or in part, because the Ninth Cause of Action in the Complaint fails to establish that all necessary and material terms were agreed to by the parties and that a contract was formed.  Defendant lacks knowledge sufficient to form a belief as to the nature and grounds for the Plaintiff's claims.

**SECOND AFFIRMATIVE DEFENSE**

**(Statute of Limitations)**

Plaintiff's claim is barred by the applicable statute of limitations.

**THIRD AFFIRMATIVE DEFENSE**

**(Unjust Enrichment)**

Plaintiff's claims is barred, in whole or in part, because Plaintiff would be unjustly enriched if allowed to recover on the Complaint.

**FOURTH AFFIRMATIVE DEFENSE**

**(Estoppel)**

Plaintiff's claim is barred by the doctrine of equitable estoppel.

**FIFTH AFFIRMATIVE DEFENSE**

**(Laches)**

Plaintiff's claim is barred by the laches doctrine for waiting an unreasonable length of time to enforce his alleged contractual rights.

**SIXTH AFFIRMATIVE DEFENSE**

**(Parol Evidence Rule)**

To then extent Plaintiff alleges the existence of a written contract, Plaintiff's claim fails insofar as it relies on parol evidence not incorporated into the controlling written agreement.

//

//

1

**SIXTH AFFIRMATIVE DEFENSE**

2

**(Speculative Damages)**

3

     Plaintiff's claims are barred, in whole or in part, because the alleged damages

4

are speculative and are thus not recoverable.

5

**SEVENTH AFFIRMATIVE DEFENSE**

6

**(No Punitive Damages)**

7

     Plaintiff's claim for punitive damages for breach of contract fails as

8

inconsistent with law.

9

**EIGHTH AFFIRMATIVE DEFENSE**

10

**(No Attorneys' Fees)**

11

     Plaintiff's claim for attorneys' fees fails as there is no attorneys' fees

12

provision in any alleged contract and no basis in any applicable statute that provides

13

for attorneys' fees with respect to the Ninth and Eighteenth Causes of Action.

14

**NINTH AFFIRMATIVE DEFENSE**

15

**(Reservation of Defenses)**

16

     Defendant reserves the right to assert any additional and further defenses,

17

including affirmative defenses, as may be revealed by discovery or otherwise.

18

Defendant also reserves the right to amend or supplement this Answer based on

19

further formal or informal discovery and/or in response to any amendments or

20

supplements to the Complaint made by Plaintiff, and for any such amendments or

21

supplements to the Answer to relate back to the filing of the original Answer.

22

//

23

//

24

//

25

//

26

//

27

//

28

//

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Dated:        February 2, 2021

Respectfully submitted,

By: __*/s/ Neel Chatterjee*__

ALEXIS COLL-VERY
*acollvery@goodwinlaw.com*
NEEL CHATTERJEE
*NChatterjee@goodwinlaw.com*
**GOODWIN PROCTER** LLP
601 Marshall St.
Redwood City, California 94063
Tel.: +1 650 752 3100
Fax.: +1 650 853 1038

HONG-AN VU
*HVu@goodwinlaw.com*
**GOODWIN PROCTER** LLP
601 S. Figueroa Street
Suite 4100
Los Angeles, California 90017
Tel.: +1 213 426 2500
Fax.: +1 213 623 1673

Attorneys for Defendants
COMMUNITY.COM, INC. and
MATTHEW PELTIER